Arrest on Out-of-District Offense

FILED

08 APR 23 AM 9: 11

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## ARREST ON OUT-OF-DISTRICT OFFENSE

Magistrate Case Number: '08 MJ 1232

The person charged as Richard Lawson now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the ______ District of New Jersey with Conspiracy to Launder Proceeds of Drug Trafficking and to Structure Deposits, in violation of Title 18 U.S.C. sections 371, 1956, 982 and 31 U.S.C 5324, 5317 and Title 18 U.S.C. section 2.

The charging documents and the warrant of the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: 4/22/08.

Danielle Claude
(Name)
Deputy United States Marshal

Reviewed and Approved:

Dated: 22 April 08

Assistant United States Attorney

JMR/2002R01979

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Crim. No. 08- 293(JEI)

v. :

[redacted] :
RICHARD LAWSON, [redacted]
[redacted] :

## SEALING ORDER

This matter having come before the Court on the application of the United States of America (Jason M. Richardson, Assistant U.S. Attorney, appearing) for arrest warrants, and its concurrent application that the Indictment filed against the persons named in the warrant be filed under seal, based on a risk of flight and danger to witnesses, and for good cause shown,

It is on this 22nd day of April 2008,

ORDERED that, with the exception of copies of the arrest warrant, the Indictment upon which its issuance was based and all other papers related to the above-captioned matter be filed under, and are hereby sealed, until the arrest of the individual named in the warrant or until further order of this Court.

[signature]
HON. JOEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE

FILED
APR 22 2008
AT 8:30 M
WILLIAM T. WALSH
CLERK

JMR/2006R00246

RECEIVED
WILLIAM T. WALSH, CLERK
2008 APR 22 A 11:58

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 08-293 (JEI) UNITED STATES DISTRICT COURT |
| v. | : | |
| [redacted] RICHARD LAWSON [redacted] | : | 18 U.S.C. §§ 371, 1956 and 982, 31 U.S.C. §§ 5324, and 5317, and 18 U.S.C. § 2 |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Camden, charges:

### COUNT 1
**(Conspiracy to Launder Proceeds of Drug Trafficking and to Structure Deposits and Withdrawals to Avoid Reporting Requirements)**

At all times relevant to this Indictment:

Currency Reporting Requirements

1. At all times relevant to this Indictment, Title 31, United States Code, Section 5313(a), and Title 31, Code of Federal Regulations, Section 103.22(a), required that a financial institution, such as Bank of America, file a Currency Transaction Report ("CTR") with the United States Department of Treasury, providing specified information for each deposit, withdrawal, exchange of currency or other payment and transfer, by, through, or to such financial institution that involved a transaction in currency of more than $10,000.

The Defendants

At all times relevant to this Indictment:

2. [redacted]



FILED
APR 22 2008
AT 8:30 M
WILLIAM T. WALSH
CLERK

[redacted]

3. [redacted]

4. [redacted]

5. Defendant RICHARD LAWSON was a resident of California and a citizen of Jamaica.

6. [redacted]

The Co-Conspirators

7. [redacted]

8. [redacted]

9. [redacted]

10. Co-conspirator #2, who is named as a co-conspirator but not as a defendant herein, was a resident of Pennsylvania and a citizen of Jamaica.

a. Co-conspirator #2 earned large amounts of money by trafficking marijuana in and around Philadelphia and elsewhere.

b. From at least tax year 2002 to at least tax year 2003, co-conspirator #2

filed no federal income tax returns.

11. Co-conspirator #3, who is named as a co-conspirator but not as a defendant herein, was a resident of Pennsylvania.

12. Co-conspirator #3 maintained a premises in Pennsylvania where he stored marijuana on behalf of co-conspirator #2.

Bank of America

13. Bank of America is a national bank with branches in various cities across the United States. Bank of America is a domestic financial institution within the meaning of Title 31, United States Code, Section 5313(a), and Title 31, Code of Federal Regulations, Sections 103.11 and 103.22(a).

The Conspiracy

14. From in or about June 2005 to in or about January 2006, Camden County, in the District of New Jersey, and elsewhere, the defendants,

[redacted]
RICHARD LAWSON, [redacted]

for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations issued thereunder, did knowingly and willfully conspire and agree with one another and with others to structure, assist in structuring, and attempt to structure and assist in structuring, transactions with a domestic financial institution, namely Bank of America, by causing a total of $624,500 in United States currency to be deposited in amounts of less than $10,000, and a total of $424,470 in United States currency to be withdrawn, in amounts of less than $10,000, all as part of a pattern of illegal activity involving more than $100,000 within a 12-

month period, contrary to Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2).

Object of the Conspiracy

15. It was the object of the conspiracy to structure cash deposits and withdrawals in amounts less than $10,000 at various Bank of America branches to avoid the CTR requirements.

Manner and Means of the Conspiracy

The Conspirators' Opening of Various Nominee Bank Accounts at Bank of America

16. Defendant RICHARD LAWSON opened bank accounts at branches of Bank of America in California for the sham entities identified as: Foreclosure California Realty; Foreclosure Realty, LLC; Sihomara Corporation; Salton City Properties; and Abington Homes.

17. From at least tax year 2001 to at least tax year 2005, defendant RICHARD LAWSON filed no federal income tax returns with the IRS.

18. From at least tax year 2001 to at least tax year 2005, Foreclosure California Realty and Sihomara Corporation each reported to the IRS that they earned no income for each of those tax years.

19. From at least tax year 2002 to at least tax year 2005, Salton City Properties, and Abington Homes each reported to the IRS that they earned no income for each said tax year.

20. [redacted]

21. [redacted]

22. [redacted]

[redacted]

The Deposits and Withdrawals of Structured Amounts of Drug-Trafficking Proceeds in the Nominee Accounts

23. As described more fully below, during the time period covered by the Indictment, the defendants made structured deposits into, and structured withdrawals out of the Bank of America bank accounts identified above, of large sums of United States currency that were proceeds of marijuana trafficking.

24. [redacted]

25. [redacted]

26. [redacted] including co-conspirators #2 and co-conspirator #3, in New Jersey, Pennsylvania and elsewhere.

27. From on or about June 2005 to on or about January 2006, co-conspirator #2 periodically delivered cash proceeds (always in amounts in excess of $10,000, and usually in amounts between $60,000 and $100,000) derived from his marijuana-trafficking, to other co-conspirators. The total amount of those cash proceeds was approximately $624,500.

28. Those other co-conspirators deposited the proceeds of co-conspirator #2's marijuana trafficking into the accounts identified above at Bank of America branches in New Jersey, Pennsylvania, and elsewhere. Those bank accounts were controlled by defendants

[redacted] RICHARD LAWSON [redacted]

29. Those deposits were made in amounts of less than $10,000 in order to avoid the filing of a CTR.

30. After the money was deposited into the Bank of America accounts identified above, defendants [redacted] RICHARD LAWSON, [redacted] withdrew that money from Bank of America branches in California. Each of those withdrawals were in amounts of less than $10,000 in order to avoid the filing of a CTR.

Overt Acts

31. In furtherance of the conspiracy and to effect its unlawful object, the defendants and their co-conspirators committed and caused to be committed the following acts in the District of New Jersey and elsewhere:

a. In or about August 2005, co-conspirator #2 gave co-conspirator #1 United States Currency in amounts greater than $10,000 to pay for marijuana.

b. Co-conspirator #1 divided that currency and made the following structured deposits into the following bank accounts at Bank of America branches in New Jersey and elsewhere, and other conspirators made the following withdrawals from those accounts at Bank of America branches in California:

| Deposit Date | Withdrawal Date | Account Title | Account Owner | Amount of Transaction |
|---|---|---|---|---|
| 9/2/2005 | | [redacted] | [redacted] | 9,000 |
| | 9/3/2005 | | | 5,000 |
| | 9/3/2005 | | | 4,000 |
| 9/2/2005 | | [redacted] | [redacted] | 9,000 |
| 9/6/2005 | | [redacted] | [redacted] | 9,000 |
| | 9/7/2005 | | | 4,800 |
| | 9/7/2005 | | | 4,000 |
| 9/9/2005 | | [redacted] | [redacted] | 9,000 |
| | 9/10/2005 | | | 5,100 |
| | 9/10/2005 | | | 4,000 |
| 9/9/2005 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| 9/9/2005 | | [redacted] | [redacted] | 9,000 |
| | 9/10/2005 | | | 4,000 |
| | 9/12/2005 | | | 5,000 |
| 9/9/2005 | | [redacted] | [redacted] | 9,000 |
| | 9/10/2005 | | | 5,000 |
| | 9/10/2005 | | | 4,000 |
| 9/9/2005 | | Foreclosure Realty, LLC | | 9,000 |
| 9/15/2005 | | [redacted] | [redacted] | 9,000 |

c. In or about September 2005, co-conspirator #2 gave co-conspirator #1 United States Currency in amounts in excess of $10,000 to pay for marijuana.

d. Co-conspirator #1 divided that currency and made the following deposits into the following accounts at Bank of America branches in New Jersey and elsewhere, and other conspirators made the following withdrawals from those accounts at Bank of America branches in California:

| Deposit Date | Withdrawal Date | Account Title | Account Owner | Amount of Transaction |
|---|---|---|---|---|
| 9/27/2005 | | [redacted] | [redacted] | 9,000 |
| | 9/29/2005 | | | 4,000 |
| | 9/29/2005 | | | 4,700 |
| 9/27/2005 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| | 9/28/2005 | | | 8,000 |
| 9/28/2005 | | [redacted] | [redacted] | 9,000 |
| | 9/29/2005 | | | 5,000 |
| | 9/29/2005 | | | 3,900 |
| 9/28/2005 | | Foreclosure Realty, LLC | Richard Lawson | 9,000 |
| 10/3/2005 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| | 10/5/2005 | | | 8,500 |
| 10/3/2005 | | [redacted] | [redacted] | 9,000 |
| | 10/5/2005 | | | 5,000 |
| | 10/5/2005 | | | 3,900 |
| 10/3/2005 | | [redacted] | [redacted] | 9,000 |
| | 10/5/2005 | | | 5,000 |
| | 10/5/2005 | | | 3,900 |
| 10/3/2005 | | [redacted] | [redacted] | 9,000 |
| | 10/5/2005 | | | 5,000 |
| | 10/5/2005 | | | 3,700 |

e. In or about October 2005, co-conspirator #2 gave co-conspirator #1 United States Currency in amounts in excess of $10,000 to pay for marijuana.

f. Co-conspirator #1 divided that currency and made the following deposits into the following accounts at Bank of America branches in New Jersey and elsewhere, and

other conspirators made the following withdrawals from those accounts at Bank of America branches in California:

| Deposit Date | Withdrawal Date | Account Title | Account Owner | Amount of Transaction |
|---|---|---|---|---|
| 11/18/2005 | | Foreclosure Realty, LLC | Richard Lawson | 9,000 |
| 11/21/2005 | | [redacted] | [redacted] | 9,000 |
| | 11/22/2005 | | | 5,000 |
| | 11/22/2005 | | | 3,800 |
| 11/21/2005 | | [redacted] | [redacted] | 9,000 |
| | 11/22/2005 | | | 4,000 |
| | 11/22/2005 | | | 4,800 |
| 11/21/2005 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| 11/23/2005 | | [redacted] | [redacted] | 9,000 |
| 11/23/2005 | | Foreclosure Realty, LLC | Richard Lawson | 9,000 |
| 11/29/2005 | | [redacted] | [redacted] | 8,000 |
| | 11/30/2005 | | | 4,000 |
| | 11/30/2005 | | | 4,020 |

g. In or about December 2005, co-conspirator #2 gave co-conspirator #1 United States Currency in amounts in excess of $10,000 to pay for marijuana.

h. Co-conspirator #1 divided that currency and made the following deposits into the following accounts at Bank of America branches in New Jersey and elsewhere, and other conspirators made the following withdrawals from those accounts at Bank of America branches in California:

| Deposit Date | Withdrawal Date | Account Title | Account Owner | Amount of Transaction |
|---|---|---|---|---|
| 12/20/2005 | | [redacted] | [redacted] | 9,000 |
| | 12/22/2005 | | | 5,000 |
| | 12/22/2005 | | | 4,000 |
| 12/21/2005 | | [redacted] | [redacted] | 9,020 |
| | 12/22/2005 | | | 5,000 |
| | 12/22/2005 | | | 3,500 |
| 12/21/2005 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| 12/22/2005 | | [redacted] | [redacted] | 8,980 |
| 12/28/2005 | | [redacted] | [redacted] | 9,000 |
| 12/28/2005 | | Foreclosire Realty, LLC. | Richard Lawson | 9,000 |
| 12/30/2005 | | [redacted] | [redacted] | 9,000 |

i. In or about January 2006, co-conspirator #2 gave co-conspirator #1 United States Currency in amounts in excess of $10,000 to pay for marijuana.

j. Co-conspirator #1 divided that currency and made the following deposits into the following accounts at Bank of America branches in New Jersey and elsewhere, and other conspirators made the following withdrawals from those accounts at Bank of America branches in California:

| Deposit Date | Withdrawal Date | Account Title | Account Owner | Amount of Transaction |
|---|---|---|---|---|
| 1/9/2006 | | [redacted] | [redacted] | 9,000 |
| | 1/11/2006 | | | 5,000 |
| | 1/11/2006 | | | 4,000 |
| 1/9/2006 | | [redacted] | [redacted] | 9,000 |
| | 1/11/2006 | | | 5,000 |
| | 1/11/2006 | | | 3,900 |
| 1/9/2006 | | Foreclosure Realty, LLC | Richard Lawson | 9,000 |
| 1/9/2006 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| 1/13/2006 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| 1/17/2006 | | [redacted] | [redacted] | 9,000 |
| | 1/18/2006 | | | 5,000 |
| | 1/18/2006 | | | 4,000 |

k. From in or about August 2005 to December 2005, co-conspirator #1 made approximately five structured deposits of United States currency, in amounts ranging between $8,000 and $9,000, into the account [redacted] That currency, which represented the proceeds from the sale of marijuana, was provided to co-conspirator #1 by co-conspirator #2.

l. From in or about June 2005 to January 2006, co-conspirator #1 made approximately seven structured deposits of United States currency, in amounts ranging between $9,000 and $9,500, into the account of Foreclosure Realty, LLC, which was controlled by defendant RICHARD LAWSON, totaling approximately $63,500. That currency, which represented the proceeds from the sale of marijuana, was provided to co-conspirator #1 by co-

conspirator #2.

m. From in or about August 2005 to January 2006, co-conspirator #1 made approximately 10 structured deposits of United States currency, in amounts ranging between $9,000 and $9,500, into the account of Foreclosure California Realty, Inc., which was controlled by defendant RICHARD LAWSON, totaling approximately $91,000. That currency, which represented the proceeds from the sale of marijuana, was provided by co-conspirator #2.

n. From in or about August 2005 to October 2005, co-conspirator #1 made approximately five structured deposits of United States currency, in amounts ranging between $9,000 and $9,500, into [redacted] That currency, which represented the proceeds from the sale of marijuana, was provided to co-conspirator #1 by co-conspirator #2.

o. From in or about August 2005 to January 2006, co-conspirator #1 made approximately 13 structured deposits of United States currency, in amounts ranging between $9,000 and $9,500, into [redacted] That currency, which represented the proceeds from the sale of marijuana, was provided to co-conspirator #1 by co-conspirator #2.

p. From in or about August 2005 to January 2006, co-conspirator #1 made approximately 10 structured deposits of United States currency, in amounts ranging between $8,000 and $9,500, into [redacted] That currency, which represented the proceeds from the sale of marijuana, was provided by co-conspirator #2.

In violation of Title 18, United States Code, Section 371.

## COUNTS 2 to 6
**(Structuring Deposits to Avoid Reporting)**

1. Paragraphs 1 through 13 and 15 through 31 of Count 1 are incorporated as if set forth at length herein.

2. On or about the dates set forth below, in Camden County, in the District of New Jersey, and elsewhere, the defendant,

RICHARD LAWSON,

for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) with respect to such transactions, knowingly structured, assisted in structuring, and attempted to structure and assist in structuring, transactions with a domestic financial institution, namely Bank of America, by causing United States currency to be deposited in amounts of less than $10,000, including the following:

| Count | Transaction Type | Date | Amount |
|---|---|---|---|
| 2 | Deposit | 8/17/2005 | 9,500 |
| | | 8/19/2005 | 9,500 |
| | | 8/23/2005 | 9,500 |
| | | | |
| 3 | Deposit | 9/9/2005 | 9,000 |
| | | 9/9/2005 | 9,000 |
| | | | |
| 4 | Deposit | 9/27/2005 | 9,000 |
| | | 10/3/2005 | 9,000 |
| | | | |
| 5 | Deposit | 11/18/2005 | 9,000 |
| | | 11/21/2005 | 9,000 |
| | | 11/23/2005 | 9,000 |

| | | | |
|---|---|---|---|
| 6 | Deposit | 1/9/2006 | 9,000 |
| | | 1/9/2006 | 9,000 |
| | | 1/13/2006 | 9,000 |

3. Defendant RICHARD LAWSON committed these acts of structuring as part of a pattern of illegal activity involving more than $100,000 within a 12-month period.

In violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2); and Title 18, United States Code, Section 2.

## COUNTS 7 to 13
**(Structuring Deposits to Avoid Reporting)**

1. Paragraphs 1 through 13 and 15 through 31 of Count 1 are incorporated as if set forth at length herein.

2. On or about the dates set forth below, in Camden County, in the District of New Jersey, and elsewhere, the defendant,

[redacted]

[redacted]

| Count | Transaction Type | Date | Amount |
|---|---|---|---|
| 7 | Deposit | [redacted] | 9,500 |
| | | [redacted] | 9,500 |
| | | [redacted] | 9,500 |
| | | [redacted] | 9,500 |
| | | | |
| 8 | Deposit | [redacted] | 9,500 |
| | | [redacted] | 9,500 |
| | | [redacted] | 9,500 |
| | | [redacted] | 9,500 |
| | | [redacted] | 9,500 |
| | | | |
| 9 | Deposit | [redacted] | 9,000 |

| | | | |
|---|---|---|---|
| | | [redacted] | 9,000 |
| | | [redacted] | 9,000 |
| | | [redacted] | 9,000 |
| | | [redacted] | 9,000 |
| | | | |
| 10 | Deposit | [redacted] | 9,000 |
| | | [redacted] | 9,000 |
| | | [redacted] | 9,000 |
| | | [redacted] | 9,000 |
| | | [redacted] | 9,000 |
| | | | |
| 11 | Deposit | [redacted] | 9,000 |
| | | [redacted] | 9,000 |
| | | | |
| 12 | Deposit | [redacted] | 9,000 |
| | | [redacted] | 9,020 |
| | | [redacted] | 9,000 |
| | | | |
| 13 | Deposit | [redacted] | 9,000 |
| | | [redacted] | 9,000 |

3. [redacted]

[redacted]

## COUNT 14

**(Conspiracy to Engage in Money Laundering)**

1. Paragraphs 1 through 13 and 15 through 31 of Count 1 are incorporated as if set forth at length herein.

2. From in or about June 2005 to in or about January 2006, in Camden County, in the District of New Jersey, and elsewhere, the defendants,

[redacted],
RICHARD LAWSON, [redacted]

did knowingly conspire and agree with each other and with co-conspirator #1 and co-conspirator #2, individuals known to the grand jury, and with others to conduct financial transactions affecting interstate commerce, that is, the deposit and withdrawal of money, which involved the proceeds of a specified unlawful activity, that is, the distribution of marijuana conducted in violation of Title 21 United States Code, Sections 841 and 846, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and (1) with the intent to promote the carrying on of specified unlawful activity, namely, drug distribution, (2) knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, namely, drug distribution, and (3) knowing that the transaction was designed, in whole or in part, to avoid a transaction reporting requirement under Federal law, contrary to Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and (a)(1)(B)(ii).

Manner and Means of the Conspiracy

3. It was part of the conspiracy that co-conspirators sent illegal narcotics from California and elsewhere to Philadelphia and New Jersey for distribution.

4. It was part of the conspiracy that co-conspirators sold the illegal narcotics in the United States.

5. It was part of the conspiracy that co-conspirators delivered large amounts of United States currency that was narcotics trafficking proceeds to co-conspirator #1.

6. It was part of the conspiracy that this currency was deposited into the Bank of America accounts controlled by [redacted] RICHARD LAWSON [redacted] by co-conspirator #1 and others.

7. It was part of the conspiracy that on numerous occasions after the currency was deposited into the Bank of America accounts, defendants [redacted], RICHARD LAWSON [redacted] and others acting on their behalf, withdrew the funds in the form of cash in an effort to further conceal and disguise the nature, location, source, ownership, and control of the funds.

In violation of Title 18, United States Code, Section 1956(h).

## FIRST FORFEITURE ALLEGATION

1. The grand jury realleges and incorporates by reference the allegations contained in all paragraphs of Counts 1 through 13 of the Indictment for the purpose of noticing forfeitures pursuant to Title 31, United States Code, Section 5317(c)(1).

2. The currency described in Counts 1 through 13 is property involved in offenses in violation of Title 31, United States Code, Section 5324, as alleged in this Indictment. All property, real and personal, involved in the offenses charged in this Indictment, and any property traceable to that property, is subject to forfeiture to the United States pursuant to Title 31, United States Code, Section 5317(c)(1). That forfeitable property includes, but is not limited to, $624,500 in United States currency and all property traceable thereto, in that such sum in aggregate is property which was involved in an offense in violation of Title 31, United States Code, Section 5324, and is traceable to such property.

3. As a result of the offenses alleged in Counts 1 through 13 of this Indictment, the defendant shall pay to the United States a money judgment equal to $ 624,500, that represents the value of the assets subject to forfeiture under paragraph 2.

4. If by any act or omission of the defendant any of the property subject to forfeiture described in paragraph 2 herein–

a. cannot be located upon the exercise of due diligence,

b. has been transferred or sold to, or deposited with, a third party,

c. has been placed beyond the jurisdiction of the court,

d. has been substantially diminished in value, or

e. has been commingled with other property which cannot be subdivided

without difficulty, it is the intent of the United States, pursuant to Title 31, United States Code, Section 5317(c)(1), to seek forfeiture of any other property of the defendant up to the value of the

property described above in paragraph 2.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Sections 5317(c)(1).

## SECOND FORFEITURE ALLEGATION

1. The Grand Jury realleges and incorporates by reference the allegations contained in all paragraphs of Count 14 of this Indictment for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 982.

2. The currency described in Count 14 is property involved in an offense in violation of Title 18, United States Code, Section 1956, as alleged in this Indictment. All property, real and personal, involved in the offense charged in Count 14 of this Indictment, and any property traceable to that property, is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a). That forfeitable property includes, but is not limited to:

a. A sum of money equal to $455,000 in United States currency, and all property traceable thereto.

3. If by any act or omission of the defendants, any of the property subject to forfeiture described in paragraph 2 herein:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party,

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the property described above in paragraph 2.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b).

A TRUE BILL

FOREPERSON

CHRISTOPHER J. CHRISTIE
United States Attorney

CASE NUMBER: ______

**United States District Court**
**District of New Jersey**

**UNITED STATES OF AMERICA**
**v.**
**DANIEL ADAMS,**
**RICHARD LAWSON, and**
**DANIEL ADAMS, II**

# INDICTMENT FOR

18 U.S.C. § 371
18 U.S.C. § 1956
31 U.S.C. § 5324

**A True Bill,**

[signature]

**Foreperson**

**CHRISTOPHER J. CHRISTIE**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

JASON M. RICHARDSON
*ASSISTANT U.S. ATTORNEY*
*856-757-5026*

USA-48AD 8
(Ed. 1/97)

AO442(Rev. 3/17) Warrant for Arrest

United States District Court
District of New Jersey

**UNITED STATES OF AMERICA**

v.

RICHARD LAWSON

**WARRANT FOR ARREST**

**Case Number: 08-** 293 (JEI)

To: The United States Marshal
and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest RICHARD LAWSON
**and bring him or her forthwith to the nearest magistrate to answer a(n)**
_X_ Indictment __ Information __ Complaint __Order of court __Violation Notice __ Probation Violation Petition

charging him or her with (brief description of offense)

Money Laundering, Conspiracy and Structuring

in violation of Title 18, United States Code, Section(s) 1956, 371 and 31 U.S.C. 5324

Joel Schneider
**Name of Issuing Officer**

United States Magistrate Judge
**Title of Issuing Officer**

[signature]
**Signature of Issuing Officer**

April 22, 2008, Camden, New Jersey
**Date and Location**

Bail fixed at $ ______________ by ______________________

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at ______________________ | | |
| Date Received | Name and Title of Arresting Officer | Signature of Arresting Officer |
| Date of Arrest | | |